FILED
United States Court of Appeals
Tenth Circuit

December 3, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PHILIP ANDRA GRIGSBY,

Petitioner - Appellant,

v.

WARDEN BALTAZAR,

Respondent - Appellee.

No. 18-3162
(D.C. No. 5:18-CV-03138-JTM)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.
_____

Philip Andra Grigsby, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's order construing his 28 U.S.C. § 2241

petition as an unauthorized second or successive 28 U.S.C. § 2255 motion and dismissing

it for lack of jurisdiction. We deny a COA and dismiss this matter.

Grigsby was convicted in the United States District Court for the District of

Kansas of several crimes and given a lengthy prison sentence. His § 2255 motion was

denied by the district court and we denied a COA. He also filed in this court three

motions for authorization, which were all denied. Not long ago, he filed a Fed. R. Civ. P.

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

60(b)(4) motion in the district court, which the court construed as an unauthorized § 2255 motion and dismissed it for lack of jurisdiction. We denied a COA. *United States v. Grigsby*, 715 F. App'x 868, 869 (10th Cir. 2018) (per curiam). Most recently, Grigsby, who is incarcerated in Tucson, filed a § 2241 petition in the United States District Court for the District of Arizona. At the same time, he sent copies of his Arizona petition and supporting brief to the Kansas federal court, which in turn docketed the petition as Case No. 5:18-CV-03138-JTM.

On July 24, 2018, the Kansas district court held that Grigsby's § 2241 petition was an attack on his conviction and dismissed it for lack of jurisdiction as an unauthorized successive § 2255 motion. Grigsby moved to strike the order arguing that he did not intend to *file* the § 2241 petition in the Kansas court. The court denied the motion. Grigsby seeks a COA to appeal the court's July 24 order.

To appeal, Grigsby must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(B). Where, as here, a district court has dismissed a filing on procedural grounds, to obtain a COA the applicant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

According to Grigsby, he is entitled to a COA because "[n]o Juror of reason could dispute that the District of Kansas maliciously and with bias filed Mr. Grigsby's Petition Under 28 U.S.C. § 2241." Aplt. Combined Opening Br. at 3. But Grigsby fails to address what is required to obtain a COA as announced in *Slack*. For example, he never

2

explains why the petition is not second or successive, let alone how jurists of reason would find this determination debatable, or whether jurists would debate whether the petition states a valid claim of the denial of a constitutional right.

We deny a COA and dismiss this appeal.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk